IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DURAMAX, INC.,

                Plaintiff,                Case No. 3:03 CV 7571

    -vs-                                            MEMORANDUM OPINION

ROPPE CORPORATION,

                Defendant.

KATZ, J.

### BACKGROUND

This is a patent infringement action brought by Duramax, Inc. ("Duramax") against Roppe Corporation ("Roppe") alleging infringement of Patent No. 6,385,923 ("923 patent"). The '923 patent was issued in May 2002 for an invention titled "**TRANSITION SUPPORT FOR FLOORING MATERIAL**" and assigned by inventor, Frank Pelosi, Jr., to Duramax.

Roppe sells a transition support which is alleged to infringe one or more claims of the '923 patent. Duramax brought this suit alleging literal infringement and/or under the doctrine of equivalents as well as contending the infringement to be willful and deliberate.

This matter is now before now the Court on Defendant's motion for summary judgment, Plaintiff's opposition and Defendant's reply thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, Defendant's motion is not well taken and will be denied.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact."
*Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).

In a patent action summary judgment is appropriate where "no reasonable fact finder could find infringement." *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.,* 149 F.3d 1309, 1315 (Fed. Cir. 1998), citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 117 S.Ct. 1040, 1053 n. 8, 137 L.Ed.2d 146 (1997). Stated differently, summary judgment is proper in a patent case where, after determining that a patent claim is properly construed, "it is shown that the infringement issue can be reasonably decided only in favor of the movant, when all reasonable factual inferences are drawn in favor of the non-movant." *Kraft Foods, Inc. v. Int'l Trading Co.,* 203 F.3d 1362, 1366 (Fed. Cir. 2000), quoting *Voice Techs. Group, Inc. v. VMC Sys., Inc.,* 164 F.3d 605, 612 (Fed. Cir. 1999).

Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*A. Claim Construction Determination*

The patented item is a pre-fabricated vinyl wedge that is used to form a small ramp between adjacent floors or flooring materials of differing heights. The claim being challenged for purposes of this summary judgment motion is that contained in independent claim 1 of the '923 patent which states as follows:

> 1. A transition support for supporting flooring extending over a floor having an area at a relatively high height, an adjacent area at a relatively low height, a juncture between the relatively high area and the relatively low area, and a difference in the heights between the height of the high area of the floor and the height of the low area of the floor, said transition support comprising an elongate wedge in sheet form, and including:
> 
> > a relatively thick end having an upper portion, a lower portion and a thickness between the upper portion and lower portion, the thickness being generally equal to said difference in heights between the height of the high area of the floor and the height of the low area of the floor, said thick end being placeable in the juncture adjacent to the high area of the floor:
> > a relatively thin end opposite said thick end and parallel to said thick end, said thin end being placeable on the low area of the floor remote from the high area of the floor and the juncture; and
> > a tapering section having a support surface interconnecting the upper portion of said thick end and said thin end, said tapering section defining the wedge for being covered with the flooring, the distance between said thick end and said thin end being at least 30 time the thickness of said thick end for rendering the junction generally unnoticeable to persons walking across said tapering section and for generally preventing the jostling of wheeled vehicles crossing said tapering section, said tapering section having a surface with physical characteristics for retaining adhesives thereon for adhesively securing said support to the floor and to the sheet flooring, and for increasing the friction between said transition support and the floor and the sheet flooring, said physical

>characteristics comprising at least one surface in said tapered section having ridges parallel to said thick end and said thin end.

With the parties disputing the meaning of the term "ridges", the Court conducted a *Markman*[1] hearing, after which the Court held as follows:

>Although the Court is of the view that the jury could define the term for itself from dictionaries, the terms "ridges" and "grooves" as used in the patent, should be construed in the context of the patent and the design of the floor shim as "a surface with raised strips or ridges, containing grooves between the strips or ridges, generally having both the ridges and grooves narrow in width."

(Doc. No. 34, pp. 8.)

*B. Discussion*

The Defendant contends it is entitled to summary judgment because the Roppe product does not have "a surface with raised strips or ridges" let alone a surface containing "raised strips or ridges" that are "narrow in width." (Def's Motion at p. 7.)

In contrast, the Plaintiff offers its expert's affidavit to rebut the Defendant's assertions. Specifically, Duramax contends that Roppe's product, "has ridges because its product has 'a surface with raised strips or ridges, containing grooves between the strips or ridges, generally having both the ridges and grooves narrow in width.'" (Himmelein Aff. at ¶ 9.) Plaintiff's expert also opines that the ridges contained in Roppe's product are narrow in width. (*Id.* at ¶ 12-13.) On the basis of these conclusions, Duramax argues against granting summary judgment, advocating there is a genuine issue of material fact to be presented to the jury.

---

[1] *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed. 2d 577 (1996).

Having reviewed the parties' submissions, the Court is of the view that the definition of what constitutes the "surface" is critical to the analysis. The definitions of the term "surface" are presented as follows:

> **surface** . . . **1:** the exterior or outside of an object or body **:** the outermost or uppermost boundary **:** one or more of the faces of a three-dimensional thing **:** a plane of a solid ⟨the uneven ~ of the earth⟩ ⟨on the ~ of the water⟩ ⟨planks with a rough ~⟩ ⟨the octagonal ~*s* of a diamond⟩ . . .

Webster's Third New International Dictionary 2300 (1966).

> **surface** . . . **1:** the exterior or upper boundary of an object of body **2:** a plane or curved two-dimensional locus of points (as the boundary of a three-dimensional region) ⟨plane~⟩ ⟨~ of a sphere⟩ **3 a :** the external or superficial aspect of something **b:** an external part or layer ⟨sand down the damaged ~⟩ — **on the surface :** to all outward appearances . . .

Webster's Ninth New Collegiate Dictionary 1187 (1983).

> **surface** . . . **1.a.** The outermost boundary (or one of the boundaries) of any material body, immediately adjacent to the air or empty space, or to another body.
>
> **3.a.** The outermost part of a material body, considered with respect to its form, texture, or extent; the uppermost layer; *esp* in art or manufacture, an exterior of a particular form or 'finish'.

Oxford English Dictionary Online (2d ed. 2005), http://dictionary.oed.com/(search "surface")(last visited Sept. 8, 2005).

Each party presumes a different definition of the term "surface" through which each bases a presentation of the features (in the offending device) underlying the present dispute. For example, Roppe contends that its "grooves [are] carved into its surface." (Def's Reply at p. 4.) Duramax challenges that characterization on the basis that the ordinary meaning of a surface may encompass both ridges and grooves. While not considered during the *Markman* process, the issue of what constitutes a "surface"

impacts upon a legal analysis determining infringement. The meaning of the term "surface" is, in this Court's view, a matter for the trier of fact to be determined at trial. The outcome of that determination is necessary, thereby rendering summary judgment on the issues raised by the Defendant, premature at this juncture. *See e.g. C.L.I.C. Electronics Intern., Inc. v. Casio, Inc.,* 975 F.Supp. 1343, 1345-1346 (M.D. Fla. 1997) (genuine issues as to proper interpretation of words and concepts precluded summary judgment).

## CONCLUSION

For the reasons stated above, the Defendant's motion for summary judgment (Doc. No. 36) is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE