IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DURAMAX, INC.,

                Plaintiff,        Case No. 3:03 CV 7571

-vs-

                                        <u>MEMORANDUM  OPINION</u>

ROPPE CORPORATION,

                Defendant.

KATZ, J.

## BACKGROUND

Before the Court is Defendant Roppe Corporation's ("Defendant" or "Roppe") motion requesting this Court to declare this case exceptional and, thus, eligible for an award of attorneys fees and costs[1]. Roppe asserts bad faith by Plaintiff, primarily because Peter Hochberg, Esq., Plaintiff's employee, prosecuted both the Glatz patent and the one at issue, the '923 patent, and failed to disclose the Glatz patent as prior art to the USPO during the '923 patent prosecution.

Duramax Inc. ("Plaintiff" or "Duramax) filed this patent infringement case in 2003. Following a bench trial, the Court found for Roppe, invalidated Plaintiff's patent at issue, and directed that each party pay it's own costs. From that decision there was no appeal. The history of this case is well known to the parties, set out in the Court's Findings of Fact and conclusions of Law (Doc. No. 104) and in the memos filed in connection with this motion.

The matter has been fully briefed by the parties and is ready for the Court's ruling.

## ATTORNEYS FEES IN PATENT LITIGATION

---

[1] Initially, Duramax filed a fee shifting estimate, but Roppe did not. Nor was the matter of fees/costs a part of Defendant's briefs post-trial. That said, the Court will address the motions as timely filed.

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Federal Circuit has explained this standard to be comprised of the following four parts: (1) the case must be exceptional; (2) the district court may exercise its discretion; (3) the fees must be reasonable; and (4) the fees may be awarded only to the prevailing party. *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 470 (Fed. Cir. 1985).

An award of attorney fees under § 285 is a two step process. First, the court must determine whether the prevailing party has established an exceptional case by a preponderance of the evidence. *Perricone v. Medicis Pharmaceutical Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005) (citations omitted). Second, where the court finds the case to be proven exceptional, it must ascertain whether an award of attorney fees is warranted. *Id.* The trial court has discretion in awarding attorney fees and allows for consideration of such factors as "the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." *Serio-US Industries v. Plastic Recovery Technology*, 459 F.3d 1311, 1322 (Fed. Cir. 2006) (citation omitted).

Factors utilized in adjudicating an action exceptional may include the following: (1) willful infringement; (2) inequitable conduct before the USPTO; (3) misconduct during the litigation; and (4) vexatious or unjustified litigation or the filing of a frivolous lawsuit. *Aventis Cropscient, N.V. v Pioneer Hi-Bred Intern'l, Inc.*, 294 F.Supp.2d 739, 742 (M.D.N.C. 2003) citing *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553-54 (Fed. Cir. 1989).

A party alleging inequitable conduct for a failure to disclose must establish: (1) materiality of prior art; (2) knowledge chargeable to the applicant of that prior art or information and of its materiality; and (3) failure of the applicant to disclose the art which rises to an intent to deceive

2

the PTO. *M. Eagles Tool Warehouse v. Fisher Tooling Co.*, 439 F.3d 1335, 1339 (Fed. Cir. 2006) (citation omitted). "Information is 'material' when there is a substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to allow the application to issue as a patent." *Molins PLC v. Textron, Inc*., 48 F.3d 1172, 1179 (Fed. Cir. 1995). The more material the omission, the less a showing of intent is required for the Court to reach a conclusion of inequitable conduct. *Litton*, 87 F.3d at 1570.

Intent and materiality must be established by clear and convincing evidence. *Litton Systems v. Honeywell, Inc.*, 87 F.3d 1559, 1570 (Fed. Cir. 1996). A failure to disclose does not automatically equate to an intent to deceive, "there must be a factual basis for a finding of deceptive intent." *Herbert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996).

## DISCUSSION

As the parties are aware, the Court had a difficult time in distinguishing between "ridges" and "grooves" reflecting that difficulty at the Markman hearing and in its' Markman ruling. Additionally, the evidence produced at trial demonstrated the closeness of the issues.

Of significance was Hochberg's testimony at trial as to his good faith determination that it was not necessary to disclose the Glatz patent to the USPO during his prosecution of the '923 patent. Tr. at pp. 702-785. His testimony reflected the analysis he undertook in determining that the Glatz patent neither anticipated nor made obvious the '923 patent. *Id.*

Subsequent to this Court's decision on the merits, the Board of Patent Appeals reversed the patent examiner's rejection of Plaintiffs Continuation Application. The Board considered the Glatz patent and rejected the position urged by the Defendant and previously taken by this Court. That alone demonstrated the "close call" made by this Court; two separate unrelated entities, clothed with relatively the same facts, reached contrary conclusions. In considering all of the testimony, the facts

and circumstances in this case as well as the memoranda submitted herein, the Court does not find that Defendant has established intent to deceive by clear and convincing evidence.

The Court has reviewed all cases cited by the parties in support of their respective positions and cannot agree with Roppe that this is an "exceptional" case. The missteps by Duramax may have approached negligence in this Court's view, but were not close to bad faith. *See Kingsdown Medical Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 873 (Fed. Cir. 1988) (inequitable conduct cannot always be inferred from a pattern of conduct that may be described as gross negligence it must be viewed in light of all the circumstances), *cert. denied*, 490 U.S. 1067 (1989). As the Court cannot find the patentee committed inequitable conduct in securing the patent or attempting to enforce it, the Defendant's motion for an award of fees is denied.

Treating the pending motion as to costs as a motion for reconsideration, the Court finds that Roppe's position as the prevailing party justifies an award of costs. The Court will amend its prior order and direct Plaintiff Duramax to pay the amount delineated as costs under 28 U.S.C. § 1920.

## CONCLUSION

For the reasons stated above, Defendant's motion to declare this case exceptional and for an award of attorneys fees (Doc. No. 106) is denied. However, Defendant's motion for reconsideration regarding costs (Doc. No. 106) is granted and Defendant is granted until February 15, 2007 to submit its bill of costs in accordance with 28 U.S.C. § 1920.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE